## The Dubuque and Pacific Railroad Company *v.* Shinn.

Where under the act entitled "an act granting to railroad companies the right of way," approved January 18, 1853, a party files with the sheriff, within thirty days, a recognizance for an appeal to the district court, from the assessment of damages made by commissioners under section four of that act, the recognizance gives the district court jurisdiction, and the appeal should not be dismissed on the ground that notice of the appeal was not given to the other party within thirty days after the assessment of damages was made.

It is not the notice that constitutes or perfects the appeal, in cases arising under section four of the act entitled "an act granting to railroad companies the right of way," approved January 18, 1853.

*Appeal from Black Hawk County.*

Tuesday, January 26, 1858.

On the application of the plaintiff, the damages sustained by defendant, by the appropriation of his land for the use of the railroad corporation, were assessed by commissioners appointed by the sheriff, in accordance with the fourth section of the act of January 18, 1853. The assessment was made May 26, 1857; on the 23d of June thereafter, the defendant filed with the sheriff, a recognizance for an appeal to the district court from the assessment of damages. No notice of appeal was given to plaintiffs until August following. At the ensuing term of the district court in September, the plaintiffs moved the court to dismiss the appeal, for the reason that the same was not taken within thirty days after the assessment of damages was made. This motion was overruled by the court, and the only question for the determination of the court was, whether there was error in the refusal of the court to dismiss the appeal.

*Smith, McKinlay & Poor*, and *Adams & Cram*, for the appellant.

No appearance for the appellee.

STOCKTON, J.—The statute does not point out the mode in which the appeal is to be taken from the assessment of damages made by the commissioners. It is urged by the plaintiff, that the appeal is only taken by the service of notice upon the opposite party, as in case of an appeal to the supreme court. The defendant seems, however, to have been governed by those provisions of the Code which regulate appeals from the county court, and from justices of the peace, to the district court. Code, section 131 and 2333. He filed with the sheriff, in due time, a recognizance in the form provided by the statute in case of an appeal from a judgment of a justice of the peace, which bond was approved and filed by the sheriff, and returned to the office of the clerk of the district court.

We are of opinion that after the filing of this bond, and its approval by the sheriff, the appeal should not be dismissed, for the reason that notice of the appeal was not given to the plaintiff, within thirty days after the assessment of damages was made. The defendant, by his recognizance filed with the sheriff, had indicated to that officer, his desire and intention to appeal to the district court. This was sufficient, in our opinion, to entitle him to the benefit of the provision of the statute authorizing an appeal. It gave to the district court, jurisdiction of the matter; and if the opposite party has not been duly notified, and does not voluntarily appeal, the court may provide for bringing such party in by notice, in the usual mode. It is not the notice, however, that constitutes or perfects the appeal; and the court did not err in refusing to dismiss the appeal, because such notice was not given within the thirty days allowed by the statute for taking an appeal. See *D. & P. R. R. Co.* v. *Chittenden, ante* 514.

Judgment affirmed.